# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JAVONTEA ANTONIN-JAMEEL BANKS,

    *Petitioner*                 CRIM. CASE NO: 1:18-cr-20523
                                    CIV. CASE NO: 1:20-cv-12623

*v.*                                    DISTRICT JUDGE THOMAS L. LUDINGTON
                                    MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
## (ECF No. 56)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 56) be **DENIED** and that the civil case be **DISMISSED.**

## II.    REPORT

### A.    Introduction

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to sex trafficking of children in violation of 18 U.S.C. § 1591. (ECF No. 30.) A sentencing hearing was held and on August 30, 2019, and a judgment was entered sentencing Petitioner to 135 months incarceration and five years supervised release. (ECF No. 38.) Petitioner filed a notice of appeal on September 6, 2019. (ECF No. 39.) On December 5, 2019, the Sixth Circuit Court of Appeals granted trial counsel's motion to withdraw and ordered that new counsel would be appointed under the Criminal Justice Act.

(ECF No. 49.) On May 22, 2020, appellate counsel filed an *Anders*[1] brief on behalf of Petitioner contending: (1) that the appellate waiver contained in the plea agreement was invalid and unenforceable; (2) the district court committed a Sixth Amendment structural error by denying Petitioner's motion for a new attorney without holding a dissatisfaction hearing; and (3) the district court imposed a procedurally unreasonable sentence because it failed to explain the chosen sentence sufficiently. (Sixth Circuit Case No. 19-2052, ECF No. 24, PageID.6.) On July 14, 2020, the Sixth Circuit concluded that even though Petitioner "waived the right to appeal his conviction and sentence...Nevertheless, we have thoroughly reviewed the record in this case and discovered no error warranting reversal of the district court's judgment." (ECF No. 53.)

On September 14, 2020, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (ECF No. 56.) Respondent filed a response on February 1, 2021. (ECF No. 68.) The instant motion has been referred to the undersigned (ECF No. 58) and is ready for report and recommendation.

**B.    Law and Analysis**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by

---

[1] *Anders v. California*, 386 U.S. 738 (1967). This type of brief is filed after counsel reviews the record and concludes that there are no meritorious grounds for appeal. Counsel's brief must then address "anything in the record that might arguably support the appeal." *Id.* at 744.

establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and

3

prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487-88 (6th Cir. 2018) (*quoting Missouri v. Frye*, 566 U.S. 134, 141-42 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

In the instant case, Petitioner raises the following issues: (1) the "district court structurally erred under the 6th Amendment by refusing to hold a dissatisfaction hearing"; (2) the "district court imposed a procedurally unreasonable sentence" because the court "failed to discuss the 3553(a) factors"; (3) ineffective assistance of counsel regarding sentencing; and (4) the "district court failed to address plea agreement withdrawal request" and Petitioner "never received a hearing." (ECF No. 56.) Petitioner indicates that his current grounds 1, 2, and 4 were raised on direct appeal and only ground 3 is newly raised because he "was informed that the district court reviews ineffective [assistance] of counsel claims." (ECF No. 56, PageID.256.) I note, however, that although Petitioner argues only that ground 3 is newly raised, my review of the record reveals that both grounds 3 and 4 are newly raised at this time. As such I will address grounds 1 and 2 as having been previously raised on appeal and grounds 3 and 4 as being newly raised.

Petitioner raised his current grounds one and two on appeal, and raises his third and fourth grounds for the first time in his petition. As to the grounds previously raised and considered by the Sixth Circuit, a "§ 2255 motion may not be used to re-litigate an issue raised on appeal absent highly exceptional circumstances", such as an intervening change in the law, not alleged or present here. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Thus, the first and second grounds do not provide a basis for relief.

As to Petitioner's fourth ground, that he did not receive a hearing regarding his desire to withdraw his "plea agreement," his failure to raise this issue on appeal bars consideration of the issue unless Petitioner has proffered sufficient cause and prejudice to excuse the failure or actual innocence. *Bousley v. United States,* 523 U.S. 614, 622 (1998). Petitioner has not attempted to argue cause and prejudice or actual innocence. Therefore, the fourth ground also fails. *Logan v.*

*United States*, 2016 WL 5338060, at *2 (N.D. Ohio Sept. 23, 2016) (where the petitioner failed to identify any cause for his failure to raise withdrawal of his plea based on the government's breach of the plea agreement or actual prejudice, he "cannot overcome his default."); *accord, El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002).

As to Petitioner's remaining claim of ineffective assistance of counsel asserted as his third ground, Petitioner properly raises this claim for the first time. However, Petitioner does not claim that his plea was made unknowingly or involuntarily. Petitioner does not even allege that but for his counsel's failures, he would have proceeded to trial. Thus, Petitioner's assertions do not even facially state sufficient prejudice to obtain relief under §2255. *See Hill*, 474 U.S. at 59; *Rodriguez-Penton*, 905 F.3d at 487-88; *Utley*, 2016 WL 337750, at *6. Since Petitioner has failed to even assert prejudice, I need not address whether counsel was constitutionally insufficient; however, in reviewing the docket and transcripts, I find no reason to suggest that counsel's performance fell below the standard.

For all the reasons stated above, I recommend that Petitioner's motion to vacate sentence (ECF No. 56) be denied.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual

6

dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence. (ECF No. 56.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y*

*of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 9, 2021               S/ PATRICIA T. MORRIS
                                                                    Patricia T. Morris
                                                                    United States Magistrate Judge