UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Case No. 18-CR-20523
                                                    Honorable Thomas L. Ludington
v.                                                    Magistrate Judge Patricia T. Morris

JAVONTEA ANTONIO-JAMEEL BANKS,

        Defendant/Petitioner.
_____/

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is before the Court pursuant to the Magistrate Judge Morris' Report and Recommendation on Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255. ECF No. 69. On September 14, 2020, Petitioner filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255 arguing that, *inter alia*, this Court committed structural error and that his trial counsel was ineffective. ECF No. 56. The Motion was referred to Magistrate Judge Patricia Morris who, through her Report and Recommendation, recommended that the Motion be denied. ECF No. 69. Petitioner subsequently objected to the Report and Recommendation. ECF No. 72. For reasons explained below, Petitioner's Objections will be overruled, the Magistrate Judge's Report and Recommendation will be adopted, Petitioner's Motion to Vacate will be denied, Petitioner will be denied a certificate of appealability, and Petitioner will be denied leave to proceed *in forma pauperis* on appeal.

I.

A.

On August 1, 2018, Petitioner Javontea Antonio-Jameel Banks was indicted on one count of child sex trafficking, in violation of 18 U.S.C. § 1591(a). ECF No. 1. Attorney Russel J. Perry, Jr. was appointed to represent him. ECF No. 6. Petitioner's family later retained attorney Rodney O'Farrell, who was then substituted for Mr. Perry by stipulated order. ECF No. 18. Plaintiff, the United States of America (the "Government"), filed a superseding indictment on May 8, 2019 adding an additional count of child sex trafficking. ECF No. 25.

On May 24, 2019, Petitioner and Government executed a Rule 11 plea agreement whereby Petitioner agreed to plead guilty to Count One of the Superseding Indictment. ECF No. 30. As part of the agreement, Petitioner waived any right he may have had to appeal his conviction. *Id.* at PageID.100. Petitioner subsequently pled guilty at a plea hearing conducted by Magistrate Judge Morris. ECF No. 37.

On July 8, 2019, Petitioner sent a letter to this Court asking to withdraw his plea and for the appointment of new counsel. ECF No. 35. He claimed that he had agreed to plead guilty without understanding all his options and without sufficient access to discovery materials. *Id.* at PageID.126–27. The letter was subsequently struck from the record as an improper form of hybrid representation.[1] ECF No. 36. Petitioner never withdrew his guilty plea.

At sentencing on August 29, 2019, Petitioner confirmed that he had reviewed the Presentence Investigation Report and the appeal waiver in his plea agreement. ECF No. 46 at PageID.177, 191. Mr. O'Farrell acknowledged that the redaction of certain discovery materials had caused "tension" between him and Petitioner but maintained that Petitioner accepted

---

[1] Although the letter was struck from the record, Petitioner has attached the letter as an exhibit to his Motion to Vacate. *See* ECF No. 72 at PageID.345–46.

responsibility for his actions. *Id.* at PageID.180. Petitioner was sentenced to 135 months imprisonment to be followed by a five-year term of supervised release. ECF No. 38.

**B.**

Petitioner filed his Notice of Appeal on September 6, 2019. ECF No. 39. Several weeks later, Mr. O'Farrell moved to withdraw as counsel, stating that the appeal had been filed without his consultation. ECF No. 47. The Sixth Circuit granted Mr. O'Farrell's motion, and Petitioner was subsequently appointed new appellate counsel. ECF No. 49.

After reviewing the record, appellate counsel moved to withdraw as counsel and filed an *Anders* brief[2] concluding that there were no non-frivolous grounds for appeal. ECF No. 53 at PageID.238–39. On July 14, 2020, the Sixth Circuit issued a brief opinion affirming Petitioner's sentence, which concluded,

> Because Banks waived the right to appeal his conviction and sentence, we need not consider the remaining arguments raised by counsel. Nevertheless, we have thoroughly reviewed the record in this case and discovered no error warranting reversal of the district court's judgment. Because our independent review of the record confirms counsel's conclusion that there are no issues of arguable merit present in Banks's appeal, we GRANT counsel's motion to withdraw and AFFIRM the district court's judgment.

*Id.* at PageID.244.

**C.**

On September 9, 2020, Petitioner moved for the appointment of counsel to aid him in seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 55. Shortly thereafter, Petitioner filed the pending Motion to Vacate. ECF No. 56. On December 7, 2020, before the Government had responded to the Motion to Vacate, Petitioner filed a motion seeking leave to

---

[2] As Magistrate Judge Morris later explained, "[An *Anders* brief is] filed after counsel reviews the record and concludes that there are no meritorious grounds for appeal. Counsel's brief must then address 'anything in the record that might arguably support the appeal.'" ECF No. 6 at PageID.323 n.1 (quoting *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967)).

amend the Motion to Vacate because he had "additional issues that [he] want[ed] to raise." ECF No. 65 at PageID.291.

On December 9, 2020, Magistrate Judge Morris denied Petitioner's Motion for Appointment of Counsel. ECF No. 62. Petitioner's Motion to Amend, however, was granted, and he was given until January 11, 2021 to file an amended motion to vacate. ECF No. 67 at PageID.296. Petitioner never filed an amended motion and the Government responded to the pending Motion to Vacate on February 1, 2021. ECF No. 68.

On February 9, 2021, Magistrate Judge Morris issued a report recommending that Petitioner's Motion to Vacate be denied. ECF No. 69. The Report and Recommendation summarized Petitioner's grounds for relief as follows:

> In the instant case, Petitioner raises the following issues: (1) the "district court structurally erred under the 6th Amendment by refusing to hold a dissatisfaction hearing"; (2) the "district court imposed a procedurally unreasonable sentence" because the court "failed to discuss the 3553(a) factors"; (3) ineffective assistance of counsel regarding sentencing; and (4) the "district court failed to address plea agreement withdrawal request" and Petitioner "never received a hearing." (ECF No. 56.)

ECF No. 69 at PageID.326. From her review of the record, Magistrate Judge Morris found that Grounds One and Two had been raised on direct appeal and that Grounds Three and Four were newly raised. *Id.* Because Petitioner had not identified any "highly exceptional circumstances" allowing him to relitigate Grounds One and Two, Magistrate Judge Morris found that those grounds did not provide a basis for relief. *Id.* (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). Magistrate Judge Morris similarly rejected Ground Four because Petitioner had not "proffered sufficient cause and prejudice to excuse the failure [to raise the issue on appeal] or [demonstrate] actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

With respect to Ground Three, which alleged ineffective assistance of counsel, Magistrate Judge Morris noted that Petitioner did "not claim that his plea was made unknowingly or involuntarily" and did not "even allege that but for his counsel's failures, he would have proceeded to trial." *Id.* at PageID.327; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). She thus concluded, "Since Petitioner has failed to even assert prejudice, I need not address whether counsel was constitutionally insufficient; however, in reviewing the docket and transcripts, I find no reason to suggest that counsel's performance fell below the standard." ECF No. 69 at PageID.327.

**D.**

On February 12, 2021—three days after the Report and Recommendation was entered—Petitioner filed a motion for a two-week extension of time to reply to the Government's response. ECF No. 70. Petitioner claimed that as of February 11, he had not received the Government's response to his Motion to Vacate. *Id.* at PageID.330. Due to mailing delays, the motion was not docketed until March 2, 2021. Magistrate Judge Morris granted Petitioner's Motion to Extend the same day it was docketed, allowing Petitioner to file a reply brief until March 17, 2021.

On February 22. 2021, Petitioner filed a set of objections to the Report and Recommendation. ECF No. 72. Because of mailing delays, Petitioner's Objections were not docketed until March 9, 2021.

Despite being granted leave to file a reply brief until March 17, 2021, Petitioner has not filed any reply. Accordingly, Petitioner's Objections to the Report and Recommendation are ripe for review.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform.

### III.

Petitioner states seven numbered objections to Magistrate Judge Morris' Report and Recommendation. For reasons explained below, each objection will be overruled.

Objection One restates the legal standard for a § 2255 motion and claims that Petitioner's conviction should be set aside because this case involved structural error. ECF No. 72 at PageID.334. The Sixth Circuit already reviewed the record and found no reversible error. ECF No. 53 at PageID.244. Furthermore, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. Objection One will be overruled.

Objection Two contends that the Sixth Circuit "never considered" Grounds One and Two in Petitioner's Motion to Vacate. ECF No. 72 at PageID.335. Objection Two also notes that in the Order Denying Petitioner's Motion for Appointment of Counsel, Magistrate Judge Morris stated that "Petitioner h[ad] identified the relevant facts and the applicable legal standards" in his Motion to Vacate. *Id.* at PageID.335–37.

As explained by Magistrate Judge Morris, Grounds One and Two were argued on appeal, ECF No. 69 at PageID.326, and even after "thoroughly review[ing] the record," the Sixth Circuit found no reversible error, ECF No. 53 at PageID.244. Accordingly, Petitioner's claim that the Sixth Circuit "never considered" Grounds One and Two must be rejected.

Furthermore, Petitioner's reliance on the Order Denying Petitioner's Motion for Appointment of Counsel is misplaced. In finding that the Motion to Vacate "identified the relevant facts and the applicable legal standards," Magistrate Judge Morris was not stating that the Motion to Vacate was meritorious; she was only illustrating Petitioner's competence as a pro se advocate.

*See* ECF No. 62 at PageID.284 ("Petitioner's Motion [to Vacate] demonstrates that he has the ability to clearly state his claims . . . ."). Accordingly, Objection Two will be overruled.

Objection Three erroneously and redundantly claims that the Sixth Circuit "never reviewed or considered" Ground Two on appeal. ECF No. 72 at PageID.338. Objection Three will be overruled.

Objection Four argues that Ground Four, which claims that this Court improperly denied Petitioner's alleged request to withdraw his plea, ECF No. 56 at PageID.266, was properly raised on direct appeal and that the appeal waiver should not have been enforced, ECF No. 72 at PageID.339. Objection Four also appears to argue that Petitioner is innocent of child sex trafficking. *Id.*

Whether Ground Four was raised on appeal is irrelevant because Petitioner has not identified any "highly exceptional circumstances" that would permit him to relitigate the issue here. *See DuPont*, 76 F.3d at 110 ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances."). Similarly, Objection Four's discussion of the appeal waiver is merely an attempt to relitigate an issue that the Sixth Circuit already decided. *See* ECF No. 53 at PageID.241 ("[T]he appeal-waiver provision in the plea agreement is enforceable . . . .").

To the extent that Objection Four asserts actual innocence, Petitioner has not made an adequate showing of fact. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks omitted). Here, Petitioner merely states,

"Legal innocence can be asserted," with no further elaboration. ECF No. 72 at PageID.339. Such a conclusory assertion of innocence is insufficient. Accordingly, Objection Four will be overruled.

Objection Five claims that Petitioner's guilty plea was unknowing and involuntary and that the appeal waiver is unenforceable. ECF No. 72 at PageID.341. The Sixth Circuit already considered the enforceability of the appeal waiver and the voluntariness of the guilty plea. ECF No. 53 at PageID.239–43. Objection Five will be overruled.

Objection Six redundantly claims that Petitioner's guilty plea was involuntary. ECF No. 72 at PageID.342. To the extent that Objection Six is duplicative of Objections Four and Five, Objection Six will be overruled. Objection Six also contends that trial counsel was ineffective for failing to inform this Court that it committed "structural [error]" by denying "[Petitioner's] withdrawal request . . . without a hearing," ECF No. 72 at PageID.342. However, Magistrate Judge Morris rejected Petitioner's ineffective assistance claim for failure to properly assert prejudice and further concluded that there was no indication that trial counsel was ineffective. ECF No. 69 at PageID.327. Moreover, the Sixth Circuit expressly found no reversible error on appeal. ECF No. 53 at PageID.244. Petitioner does not explain why he should be permitted to relitigate the issue of "structural error" nor why the Magistrate Judge's review of the record was erroneous. Accordingly, Objection Six will be overruled.

Objection Seven appears to argue that if Petitioner's Motion to Vacate is denied, he should receive appellate review from a different panel in the Sixth Circuit because of "conflict of interest concerns." *See* ECF No. 72 at PageID.343. Objection Seven does not state an objection to the Report and Recommendation and will therefore be overruled.

### IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). "When a district judge enters a final order which is adverse to a defendant in a § 2255 action, it must also issue or deny a certificate of appealability." *United States v. Galvez-Gomez*, No. 18-CR-20035, 2020 WL 3172633, at *1 (E.D. Mich. June 15, 2020). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). According to the Supreme Court, the requisite "substantial showing" varies depending on whether the petition was denied on the merits or on procedural grounds:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Grounds One, Two and Four will be denied on procedural grounds, while Ground Three—the ineffective assistance claim—will be denied on the merits. Based on the discussion in Section III., *supra*, reasonable jurists would not debate the correctness of this Court's substantive or procedural rulings. Accordingly, a certificate of appealability is not warranted. Petitioner will also be denied leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner's Objections to the Report and Recommendation, ECF No. 72, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Morris' Report and Recommendation, ECF No. 69, is **ADOPTED**.

It is further **ORDERED** that Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, ECF No. 56, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


Dated: April 12, 2021                                  s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge