UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:18-cr-20523

v.                                          Honorable Thomas L. Ludington
                                                   United States District Judge

JAVONTEA ANTONIO-JAMEEL BANKS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT AND MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before this Court upon Defendant's Motion for Expungement, ECF No. 75, and Motion for Appointment of Counsel, ECF No. 76. For the reasons stated hereafter, both motions will be denied.

**I.**

In May 2019, Defendant Javontea Antonio-Jameel Banks pleaded guilty to one count of sex trafficking of children, 18 U.S.C. § 1591. ECF No. 30. He was sentenced to 135 months' incarceration and five years' supervised release. ECF No. 38.

In February 2022, Defendant filed a motion for expungement of a Michigan conviction, asking this Court to "facilitate" the expungement process. ECF No. 75 at PageID.361. He also filed a motion for the appointment of counsel, explaining that he intends to file a Rule 60 motion to set aside the order denying his motion to vacate his sentence. ECF No. 76 at PageID.363.

Both motions are considered in turn below.

## II.

### A.

Defendant's Motion for Expungement will be denied because this Court lacks jurisdiction to expunge his Michigan conviction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts may only expunge a conviction when (1) a federal statute expressly authorizes its expungement or (2) the conviction is based on an illegal arrest or other unconstitutional conduct. *See United States v. Field*, 756 F.3d 911, 915–16 (6th Cir. 2014).

Here, Defendant does not claim that his conviction should be expunged based on federal statutory or constitutional grounds. Instead, he claims that it should be expunged based on Michigan law—specifically, a group of laws enacted in October 2020 and known as the "Clean Slate" package. *See* MICHIGAN COURTS, MICHIGAN CLEAN SLATE LEGISLATION, https://www.courts.michigan.gov/siteassets/court-administration/scao-communications/2021-01.pdf [https://perma.cc/CJ3M-STM8]. As its name would suggest, the Clean Slate package expands the availability of expungement for certain offenses under Michigan law. *See id.* But the Clean Slate package does not authorize federal courts to expunge Michigan convictions. On the contrary, a person seeking expungement of a conviction must file an application for expungement "with the convicting court." MICH. COMP. LAWS § 780.621(1). In other words, Defendant's request for expungement can only be heard by the Michigan court in which he was convicted.

For these reasons, this Court lacks jurisdiction to consider Defendant's Motion for Expungement.

**B.**

Defendant's Motion for the Appointment of Counsel will also be denied.

The Sixth Amendment affords to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner (1) could not obtain justice without an attorney, (2) could not obtain a lawyer on his own, and (3) would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that the appointment of counsel is warranted. Defendant previously filed intelligible post-conviction motions and briefing. *See, e.g.*, Def.'s Mot. to Vacate, ECF No. 56; Def.'s Obj. to R&R, ECF No. 72. And he has not explained why a Rule 60 motion would require greater legal expertise than his prior filings. *See* ECF No. 76. Further, Defendant has not shown that he would have a reasonable chance of prevailing with the assistance of counsel. *See Thirkield*, 199 F. Supp. 2d at 653.

Therefore, Defendant's Motion for Appointment of Counsel will be denied.

**III.**

Accordingly, it is **ORDERD** that Defendant's Motion for Expungement, ECF No. 75, is **DENIED**.

- 4 -

Further, it is **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 76, is **DENIED**.

Dated: February 28, 2022                                           s/Thomas L. Ludington
                                                                   THOMAS L. LUDINGTON
                                                                   United States District Judge